IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| Christopher Coleman, Individually and on Behalf of All Others Similarly Situated<br>    Plaintiff,<br>vs.<br><br>Receivables Performance Management LLC and John Does 1-25<br>    Defendant(s). | )<br>)<br>)<br>)<br>) Case No.<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff Christopher Coleman (hereinafter, "Plaintiff"), a Maryland resident, brings this Class Action Complaint by and through his attorney, Meridian Law LLC, against and Defendant Receivables Performance Management LLC (hereinafter "Defendant RPM") individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.    Congress enacted the Fair Debt Collection Practices Act (the "FDCPA") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective

collection of debts' does not require 'misrepresentation or other abusive debt collection practices.'" 15 U.S.C. §§ 1692(b) & (c).

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." Id. § 1692(e). "After determining that the existing consumer protection laws ·were inadequate." Id. § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 15 U.S.C. § 1692 et. seq. and 28 U.S.C. § 2201.  The Court has pendent jurisdiction over the State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to this claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of Maryland consumers under §1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of Maryland, County of Baltimore, with an address of 4514 Marx Ave, Baltimore, MD 21206.

8. Defendant RPM is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address at 20818 44th Ave W, Suite 140, Lynnwood, WA 98036.

9. Upon information and belief, Defendant RPM is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

10. John Does l-25, are fictitious names of individuals and businesses alleged for the purpose of substituting names of Defendants whose identities will be disclosed in discovery and should be made parties to this action.

## CLASS ALLEGATIONS

11. Plaintiffs bring this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

12. The Class consists of:

a. all individuals with addresses in the State of Maryland;

b. to whom Defendant RPM sent a collection letter attempting to collect a consumer debt;

c. containing deceptively worded settlement offers;

d. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (2l) days after the filing of this action.

14. The identities of all class members are readily ascertainable from the records of Defendants and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

15. Excluded from the Plaintiff Class are the Defendants and all officer, members, partners, managers, directors and employees of the Defendants and their respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

16. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms attached as Exhibits A, violate 15 U.S.C. §§ l692e, 1692f.

17. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

18. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendants' written communications to consumers, in the forms **attached as Exhibit A** violate 15 § l692e, 1692f.

c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendants' common uniform course of conduct complained of herein.

d.      **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are adverse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

e.      **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

19.     Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

20.     Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

21.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered above herein with the same force and effect as if the same were set forth at length herein.

22.     Some time prior to April 8, 2021 an obligation was allegedly incurred to creditor T-Mobile, as successor in interest to Sprint.

23. The T-Mobile, as successor in interest to Sprint obligation arose out of transactions incurred primarily for personal, family or household purposes, specifically for telecommunication services.

24. The alleged T-Mobile, as successor in interest to Sprint obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

25. T-Mobile, as successor in interest to Sprint is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

26. T-Mobile, as successor in interest to Sprint debt purportedly contracted with the Defendant RPM to collect the alleged debt.

*Violation – April 8, 2021 Collection Letter*

13. On or about April 8, 2021 Defendant RPM sent Plaintiff a collection letter (the "Letter") regarding the alleged debt. See a true and correct copy of the Letter attached as Exhibit A.

14. The collection letter states a balance of $594.01.

15. The letter further states a heading of "ACT NOW AND SAVE MONEY SETTLEMENT OFFER: $297.01" and states:

"This account will be settled for less than the full original balance if your payment of $297.01 is received on or before 04-28-21. This represents 50% of the current balance shown above. Payment will cause future collection efforts to cease and a residual balance will remain with T-Mobile, as successor in interest to Sprint. We are not obligated to renew this offer.

Payment of the offered settlement amount will stop collection activity on this matter. We will inform T-Mobile, as successor in interest to Sprint once the payment(s) is/are posted. Payment of the settlement amount will not restore your service with Sprint. If you wish to re-establish service with Sprint at a future date, T-Mobile, as successor in interest to Sprint may require partial or full

payment of your remaining balance at that time, according to T-Mobile, as successor in interest to Sprint's credit policy.

16. The letter is deceptive because it implies that in exchange of 50% of the balance the consumer will achieve some form of settlement and saving money, when in actuality it is unclear what form of settlement the letter is offering.

17. The letter states that payment will stop collection activity on this matter but does not clarify what will occur with the rest of the balance and whether the rest of the balance would be collected by another collection company or the creditor in the future.

18. The letter deceives and misleads the consumer by implying that paying 50% would achieve results akin to a settlement offer, when in reality the Defendant's offer contains no significant benefits and is unclear to what the benefits of the settlement would actually be as the letter clearly states that the account will not be reinstated upon payment of 50% of the balance.

19. Furthermore, the letter has a heading at the top of the letter stating "SAVE MONEY SETTLEMENT OFFER."

20. The statement "SAVE MONEY SETTLEMENT OFFER" implies that Plaintiff can reduce his balance, thereby reinstating his account, but nowhere is that clearly stated in the letter.

21. Merely paying off half a balance cannot be considered a reduced balanced opportunity because Plaintiff can always reduce his balance by making payments.

22. In addition, the letter implies this is an expiring offer, however merely paying 50% of a balance does not expire and Plaintiff can pay 50% of his balance at any time.

23. Plaintiff was confused and misled by the offer, whether it was an actual settlement or not and as a result did not accept the offer.

24.     In addition, on the right side of the letter, it states: Single Payment Option: Pay $297.01 no later than 4-28-2021.  Your account will be considered "Settled in Full" after we post your payment."

25.     This is entirely misleading and deceptive as the account will not be "settled in full," rather the balance actually remains as is stated in the letter.

26.     Defendant's deceptive, misleading and unfair representations with respect to its collection effort were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts because Plaintiff could not adequately respond to the Defendant's demand for payment of this debt.

27.     Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

28.     Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

29.     As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

30.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

31.     Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

32.     Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

33.     Defendant violated said section by:

a. Making a false and misleading representation in violation of §1692e(10).

34. By reason thereof, Defendants are liable to Plaintiff for judgment that Defendants' conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692f *et seq.*

35. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

36. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

37. Pursuant to 15 U.S.C. §1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

38. Defendant violated this section by unfairly referring a regular 50% payment as a settlement offer when it was in fact not a settlement offer at all.

39. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Christopher Coleman, individually and on behalf of all others similarly situated, demands judgment from Defendant RPM, as follows:

1. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Aryeh Stein, Esq. as Class Counsel;

2. Awarding Plaintiff and the Class statutory damages;

3. Awarding Plaintiff and the Class actual damages;

4. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

5. Awarding pre-judgment interest and post-judgment interest; and

6. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: June 23, 2021                                                         Respectfully submitted,

**Meridian Law, LLC**
s/ Aryeh E. Stein
By:  Aryeh E. Stein, # 24559
600 Reisterstown Road, Suite 700
Baltimore, MD 21208
Phone: 443-326-6011
Fax: 410-653-9061
astein@meridianlawfirm.com

*Attorneys for Plaintiff*